Jorge L. FLORES, Petitioner,

v.

DEPARTMENT OF THE TREASURY, Respondent.

No. 01–3231.

United States Court of Appeals, Federal Circuit.

Oct. 24, 2001.

Before LOURIE, Circuit Judge, ARCHER, Senior Circuit Judge, and GAJARSA, Circuit Judge.

PER CURIAM.

Jorge L. Flores seeks review of the final decision of the Merit Systems Protection Board dismissing his individual right of action ("IRA") appeal under the Whistleblower Protection Act ("WPA") for lack of jurisdiction. *Flores v. Dep't of the Treasury*, No. DA1221000431–W–1 (M.S.P.B. Sept.15, 2000). Because we agree that Flores was collaterally estopped from relitigating his earlier-dismissed IRA appeal, and made no protected disclosures in the present action, we *affirm*.

### DISCUSSION

The scope of our review in an appeal from a decision of the board is limited. We must affirm the board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

To establish the board's jurisdiction over an IRA appeal under the WPA, the appellant must show by the preponderance of the evidence that (1) he made a "protected disclosure" by disclosing information that he reasonably believed evidenced a violation of law, rule or regulation, gross mismanagement, gross waste of funds, abuse of authority, or a substantial and specific danger to public health or safety; (2) based on the protected disclosure, the agency took or failed to take, or threatened to take or fail to take a "personnel action" against him, as defined by 5 U.S.C. § 2302(a)(2); and (3) he raised the same whistleblowing issue before the Office of Special Counsel ("OSC") and the proceedings before the OSC have been exhausted. *See* 5 U.S.C. § 2302(b)(8); *Willis v. Dep't of Agric.*, 141 F.3d 1139, 1142 (Fed.Cir. 1998); *Serrao v. Merit Sys. Prot. Bd.*, 95 F.3d 1569, 1573–74 (Fed.Cir.1996).

Flores previously filed an appeal with the board identifying as a "protected disclosure" his statements concerning the alleged impropriety of the U.S. Customs Service's contract with a company named Code 3 Environmental Services, Inc. The administrative judge found that Flores' disclosures concerning the Code–3 contract were not protected disclosures under 5 U.S.C. § 2302(b)(8) because Flores did not have a reasonable belief that the agency's actions evidenced any of the enumerated categories of wrongdoing. *Flores v. Dep't of the Treasury*, No. DA1221980149–W–1 (M.S.P.B. Dec.11, 1998). He therefore dismissed Flores' appeal for lack of jurisdiction. The board denied Flores's subsequent petition for review, and no further appeal was taken.

In the present appeal, Flores identifies as further protected disclosures the following four letters: his January 16, 1999 and May 13, 1999 letters to United States Customs Commissioner Raymond Kelley, his

August 3, 1999 letter to Treasury Undersecretary James Johnson, and his August 12, 1999 letter to President William J. Clinton. He argues that the board erred in failing to treat these disclosures as protected.

The board in the present action reviewed Flores' letters, and determined that they are allegations of retaliation stemming from the same protected disclosure that Flores identified in his earlier appeal: the Code–3 contract. They detail Flores' complaints of further retaliation stemming from the same initial disclosure, and seek assistance in responding to the alleged retaliation.

■ Collateral estoppel bars a litigant from relitigating the same issue decided in a previous case where (1) the issue is identical to that involved in the prior action, (2) the issue was actually litigated in the prior action, (3) the determination on the issue was necessary to the resulting judgment in the earlier action, and (4) the interests of the precluded party were fully represented in the prior action. *Mother's Restaurant, Inc. v. Mama's Pizza, Inc.,* 723 F.2d 1566, 1569 (Fed.Cir.1983).

■ Because the board previously has held that Flores' disclosures concerning the Code 3 contract were not "protected disclosures" under 5 U.S.C. § 2302(b)(8), it correctly determined that Flores is collaterally estopped from relitigating these assertions in the present action. First, the issue in the present action—whether Flores is being retaliated against for a "protected disclosure" of the Code–3 violations—is identical to that involved in the prior action. Second, the issue of whether Flores' disclosures were protected was actually determined in the prior action. Third, the determination on this issue was the heart of the resulting dismissal in the earlier action. Finally, Flores' interests were fully represented in the prior action. Flores was a party to the earlier action,

engaged in discovery and submitted motions, responses and papers to the board in support of his case. While Flores may not have been represented by counsel in the prior proceedings, his *pro se* status does not prevent the application of collateral estoppel. *See Moss v. Dep't of the Air Force,* 82 M.S.P.R. 309, 314 (1999).

■ Flores also argues that the board improperly ignored his allegation that Customs Attorney Caroline Blessey threatened him with reassignment to Washington D.C. or forced early retirement. He complains that her alleged threats were a prohibited personnel practice under the WPA. However, as the OSC investigation determined, Ms. Blessey merely was acting as an attorney for the agency, was making an offer to reach a global settlement of all of Flores' outstanding complaints, and had no authority to direct Flores' reassignment. Moreover, Flores alleges that her retaliatory threats were premised upon his Code–3 disclosures, which the board has already determined are not protected under the WPA. To the extent that Flores is arguing that this alleged retaliation was based on his filing of an appeal to the board, or his complaints to the EEOC, the board properly found that these activities are not protected under 5 U.S.C. § 2302(b)(8) as "whistleblowing."

■ Finally, Flores was not improperly denied a hearing before the board because an appellant has no statutory right to a hearing on the threshold issue of jurisdiction. *Wilson v. Merit Sys. Prot. Bd.,* 807 F.2d 1577, 1582 (Fed.Cir.1986).