NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3133

LEONARD M. MACHULAS,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Leonard M. Machulas, of Bloomingdale, Georgia, pro se.

Joseph A. Pixley, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Michael F. Hertz, Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3133

LEONARD M. MACHULAS,

Petitioner,

v.

DEPARTMENT OF THE AIR FORCE,

Respondent.

Petition for review of the Merit Systems Protection Board in PH3443070282-B-1.

_____

DECIDED: July 13, 2009

_____

Before LOURIE, RADER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Leonard Machulas appeals the decision of the Merit Systems Protection Board ("Board") denying his request for corrective action regarding the denial of his request for military leave. For the reasons stated below, we <u>affirm</u> the decision of the Board.

## I. BACKGROUND

Mr. Machulas served as a military and civilian Air Reserve Technician ("ART") for thirty-three years, with seven years as a WS-08 level ART supervisor. In April of 1992, at fifty-two years old, Mr. Machulas was transferred to a civilian WS-08 level position. Mr. Machulas believed that his transfer was the result of age discrimination, and in July of 1992, he filed a lawsuit in federal court making that allegation.

Mr. Machulas had an annual performance review in his new position in May of 1993. He received generally poor ratings. As a result, he was placed in a month-long Performance Improvement Program ("PIP"). Mr. Machulas then filed a civilian complaint, for which he received a hearing, arguing that his review did not comply with Air Force regulations. He also filed an Equal Employment Opportunity ("EEO") complaint, and received an Equal Employment Opportunity Commission ("EEOC") hearing.

Mr. Machulas's civilian position required him to maintain active military reserve status. In around September of 1993, Mr. Machulas requested leave from his civilian position to fulfill his two week active duty requirement from October 23, 1993 to November 6, 1993. Mr. Machulas's supervisor denied his leave request the same day it was filed. The reasons given for the denial were that Mr. Machulas was involved in a PIP, and that he never supplied military orders in support of his request.

From at least September of 1993, Mr. Machulas was receiving medical and psychological treatment for stress-related symptoms. He attributed his symptoms to retaliation by his employers for his EEO complaints and his age discrimination lawsuit. He was given a medical recommendation to take sick leave. He remained on paid sick leave until his retirement in September of 1994.

In March of 1999, following a hearing on Mr. Machulas's EEO complaint, presented Mr. Machulas with an "Agreement of Full Relief," which offered Mr. Machulas the full relief to which he would be entitled if he prevailed on the merits of his claim. Mr. Machulas did not accept the agreement, and ultimately did not prevail on his claim.

Mr. Machulas then filed a claim against his civilian employer for corrective action regarding the denial of his request for military leave in 1993. The administrative judge dismissed Mr. Machulas's claim for lack of subject matter jurisdiction. Mr. Machulas petitioned the Board for review, and the Board initially affirmed the decision. The Board, on its own motion, subsequently reopened the case and remanded the appeal for further adjudication, citing the Uniformed Services Employment and Reemployment Rights Act ("USERRA") and Vietnam Era Veterans Readjustment Assistance Act ("VEVRAA") as two possible statutory grounds for relief within the jurisdiction of the administrative judge. The administrative judge considered both grounds, and determined that Mr. Machulas failed to show that his military leave was improperly denied under the relevant provisions of either statute. Mr. Machulas appealed again to the Board. The Board found that Mr. Machulas raised no new and material evidence in his appeal and affirmed the decision. Mr. Machulas now appeals to this court. We have jurisdiction over the appeal pursuant to 5 U.S.C. § 7703.

## II. DISCUSSION

This court has limited review of a decision on appeal from the Board. The court may reverse a decision of the Board if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). An agency decision is supported by "substantial evidence" if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994).

In his complaint to this court, Mr. Machulas presents the following issues in his "Questions To Be Answer[ed]" section.

(1) Whether a U.S. Air Force Regulation Supersedes 38 U.S.C. § 4300 et seq.
(2) Whether PIP is a permissible grounds to deny leave under USERRA.
(3) Whether PIP was a factually accurate grounds to deny leave, where the PIP was scheduled to be completed before the leave was scheduled to begin.
(4) [Seems to be a continuation of (3)].
(5) Whether PIP was a proper grounds to deny leave, where placement in the PIP was retaliatory in nature.
(6) Whether his employer committed acts of retaliation against Mr. Machulas.
(7) Whether failing to provide military orders in support of leave conflicts with the requirements of USERRA.
(8) Whether Mr. Machulas has received appropriate relief for his leave denial, which cost him active duty payment and credit for active duty served.

We address each of Mr. Machulas's concerns below.

### A. Mr. Machulas's Failure to Provide Military Orders

In his first and seventh questions presented to this court, Mr. Machulas contests the administrative judge's denial of corrective action based on Mr. Machulas's failure to provide military orders. Mr. Machulas does not dispute that he failed to provide military orders supporting his leave request. He argues instead that his employer cannot deny him a statutorily protected military leave for noncompliance with an Air Force regulation.

Mr. Machulas's argument fails as a matter of legal interpretation. Sections 4311 and 4312 of Title 38, commonly known as USERRA, prohibit an employer from denying military leave due to discrimination based on military membership. Mr. Machulas does not contend that his employer discriminated against him on the basis of his military membership. Mr. Machulas instead alleges discrimination on the bases of age and retaliation, which fall under the gambit of the EEOC, rather than USERRA. Mr. Machulas's EEO claims were previously resolved by the appropriate forum.

The denial of Mr. Machulas's request for leave occurred before the enactment of USERRA. The Board found that only the procedural portions of USERRA had retroactive effect and applied to Mr. Machulas's claim. It then found that the substantive provisions of 38 U.S.C. § 4304(d), commonly known as VEVRAA, were in effect at the time of the disputed leave denial. The Board remanded the case to the administrative judge to consider whether the denial of Mr. Machulas's request for leave was improper under the procedural provisions of USERRA and substantive provisions of VEVRAA.

The administrative judge found that VEVRAA requires an employer to grant a request for leave to perform military service <u>pursuant to military orders</u>. Thus, the applicable statute permits an employer to require military orders to support a request for leave. Mr. Machulas does not dispute that he failed to provide such military orders. The administrative judge concluded that Mr. Machulas did not meet his burden of proof under USERRA in challenging the denial of his leave. We agree with the Board that the denial of Mr. Machulas's request for leave due to failure to supply military orders was not improper under the applicable provisions of USERRA and VEVRAA.

B. Mr. Machulas's Involvement in PIP

At the hearing before the administrative judge, Mr. Machulas's supervisor stated that one reason he denied Mr. Machulas's request for military leave was that Mr. Machulas was involved in a PIP, and that Mr. Machulas's work performance and improvement was the supervisor's main concern at the time of the request. In questions two through five presented to this court, Mr. Machulas presents various reasons why his involvement in the PIP was an improper reason to deny him leave.

Review of the administrative judge's decision reveals that although the judge considered the PIP excuse, he did not list it as a reason for denying corrective action. The administrative judge listed Mr. Machulas's failure to provide military orders and his sick leave status as the reasons for denying corrective action. It appears, then, that Mr. Machulas's involvement in the PIP was not relevant to the administrative judge's decision to deny corrective action, and that the failure to provide military orders was a proper basis on which to deny the request. We therefore need not address the issue of whether the PIP would have been a valid reason to deny the leave request.

## C. Mr. Machulas's Sick Leave Status

In question six presented to this court, Mr. Machulas seems to allege that his employer denied his request for military leave as a retaliatory action in response to his age discrimination lawsuit. In question eight presented to this court, Mr. Machulas argues that because of the denial of his military leave, he lost two weeks of active duty pay and credit for active service. Even if Mr. Machulas presented sufficient evidence to support his allegation of retaliation, which he does not, he would not be entitled to the corrective action he seeks from this court.

For the reasons stated in Part II.A. above, the denial of Mr. Machulas's leave was not improper. Moreover, Mr. Machulas's documentation shows that he was on paid sick leave during the times he contends that he was supposed to report for active duty. Mr. Machulas is not eligible to serve in active duty while he is on sick leave. Mr. Machulas is not entitled to back pay or service credit for two weeks of active duty that he was not eligible to serve.

## III. CONCLUSION

For the reasons stated above, we affirm the decision of the Board, which made final the decision of the administrative judge denying Mr. Machulas's request for corrective action regarding the denial of his request for military leave.

## COSTS

Each party shall bear its own costs.