NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**LEONARD P. MACHULAS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2010-3185

---

Petition for review of the Merit Systems Protection Board in Docket No. PH432410-0200-I-1.

---

Decided: January 19, 2011

---

LEONARD P. MACHULAS, of Bloomingdale, Georgia, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KENNETH M. DINTZER, Assistant Director.

---

Before RADER, *Chief Judge*, GAJARSA, and PROST, *Circuit Judges.*

PER CURIAM.

This case arises from the Merit Systems Protection Board's ("Board") denial of Leonard P. Machulas' petition for review of the administrative judge's ("AJ") decision, which found that Mr. Machulas had failed to demonstrate that the Department of the Air Force (the "agency") violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (the "USERRA"), 38 U.S.C. §§ 4031-4333 (2006), in failing to select Mr. Machulas for a particular employment opportunity. For the reasons discussed below, we *affirm* the Board's decision.

## BACKGROUND

Mr. Machulas' claim arises under the USERRA, which "prohibits discrimination in employment on the basis of military service." *Sheehan v. Dep't of Navy*, 240 F.3d 1009, 1012 (Fed. Cir. 2001). Under 38 U.S.C. § 4311(a), "a person who is a member of . . . a uniformed service shall not be denied . . . promotion, or any benefit of employment by an employer on the basis of that membership . . . ."

From October 28, 1990, until September 3, 1994, Mr. Machulas was enlisted in the Air Force Reserve at McGuire Air Force Base in New Jersey. *Machulas v. Dep't of Air Force*, Docket No. PH-4324-10-0200-I-1, slip op. at 2 (M.S.P.B. Sept. 1, 2010) ("Final Decision"). When he began working in 1990, he was a W-9 Air Reserve Technician ("ART"). *Machulas v. Dep't of Air Force*, Docket No. PH-4324-10-0200-I-1, slip op. at 2 (M.S.P.B. May 17, 2010) ("Initial Decision"). Soon thereafter, Mr. Machulas was placed on a seventeen month detail, ending in April 1992, during which he served as in a WS-11 supervisory ART position as an Aircraft Mechanic Fore-

man. *Final Decision* at 2. While Mr. Machulas was on the detail, the agency announced six vacancies in permanent WS-11 supervisory ART positions. *Initial Decision* at 2. Mr. Machulas competed for one of the vacancies but was not selected. *Id.* When his detail ended in April 1992, he was transferred to a non-ART Aircraft Mechanic Foreman position at the same grade and pay as his previous position as a WS-9 ART, where he remained until his retirement. *Id.*

Mr. Machulas claims that the agency violated the USERRA when it did not select him for a permanent WS-11 ART position.[1] An employer violates the USERRA "if the person's membership . . . or obligation for service in the uniformed services is a motivating factor in the employer's action . . . ", 38 U.S.C. § 4311(c), which, in this case, would be the agency's failure to award Mr. Machulas the permanent WS-11 ART position. Mr. Machulas initially filed a complaint concerning this claim with the Office of Special Counsel ("OSC") in 2009. The OSC denied Mr. Machulas' claim, and he then appealed the OSC's decision to the Board pursuant to 38 U.S.C. § 4324(b)(3).

Mr. Machulas' claim was heard before an AJ, who found that the agency did not violate the USERRA because Mr. Machulas failed to prove that his prior military service was a "substantial or motivating factor" in the agency's decision not to select him for a permanent WS-11 supervisory ART position. *Initial Decision* at 4 (citations

---

[1] Although Mr. Machulas' employment ended in September 1994, one month prior to the October 1994 enactment of USERRA, 38 U.S.C. § 4324(c)(1) does not bar his claim because, as a reservist, he would have been entitled to bring a claim under 38 U.S.C. § 2021(b)(3), the USERRA's predecessor. *See Fernandez v. Dep't of Army*, 234 F.3d 553, 556-57 (Fed. Cir. 2000).

omitted). The AJ further found that Mr. Machulas "proffered *no* evidence supporting his contention that his military service or status was in any way related to the agency's decision to not select him for the position." *Id.* at 4.

Mr. Machulas then filed a petition for review requesting that the Board reconsider the AJ's initial decision. *Final Decision* at 1. The Board grants petitions for review only where the claimant presents new or previously unavailable evidence or the AJ makes an error interpreting a law or regulation. *Id.* The Board found that Mr. Machulas failed to prove either. *Id.* at 2-3. Accordingly the Board denied Mr. Machulas' petition for review and the AJ's initial decision became final. *Id.* at 3. Mr. Machulas timely filed an appeal to this court. We have jurisdiction pursuant to 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Our review of the Board's decisions is limited under 5 U.S.C. § 7703(c). The Board's holding must be affirmed unless it is found to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Barrett v. Soc. Sec. Admin.*, 309 F.3d 781, 785 (Fed. Cir. 2002).

## DISCUSSION

To succeed in an action brought under the USERRA, the employee has "the initial burden of showing by a preponderance of the evidence that the employee's military service was a substantial and motivating factor in the adverse employment action." *Sheehan*, 240 F.3d at 1013 (citation omitted) (internal quotation marks omit-

ted). The Board did not err in finding that Mr. Machulas failed to carry this burden and his arguments to the contrary are without merit[2].

Mr. Machulas claims that the Board should have considered, in addition to the agency's failure to select Mr. Machulas for the permanent WS-11 supervisory ART position, the agency's failure to place Mr. Machulas in another ART position. Mr. Machulas, however, offers no evidence as to why *any* employment opportunity was denied him as a result of his employment in the reserves. Indeed, the AJ found that military status was a positive attribute of those individuals seeking employment in a permanent WS-11 supervisory ART position. *Initial Decision* at 4. Instead of attempting to establish how the agency discriminated against him because of his position as a reservist, Mr. Machulas makes several irrelevant, conclusory allegations. This is simply not enough to establish by a preponderance of the evidence that his military position was a "substantial and motivating factor" in denying him employment.

CONCLUSION

Accordingly, because Mr. Machulas did not carry his burden under the USERRA, the Board's decision is affirmed.

No Costs.

---

[2]    Mr. Machulas also claims that the Board applied the wrong law. He lists several non-existent regulations and 38 U.S.C. § 4311, which is applicable law and was correctly applied by the Board.