NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEONARD P. MACHULAS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2011-3161

---

Petition for review of the Merit Systems Protection Board in Case No. PH3443110068-I-1.

---

Decided: December 12, 2011

---

LEONARD P. MACHULAS, of Bloomingdale, Georgia, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK MANHARDT, Assistant Director.

---

Before NEWMAN, PLAGER, and BRYSON, *Circuit Judges*.

PER CURIAM.

## DECISION

Leonard P. Machulas seeks review of an order of the Merit System Protection Board dismissing his claims on the ground that they were beyond the jurisdiction of the Board or, in one case, barred by res judicata. We affirm.

## BACKGROUND

Mr. Machulas worked as an Aircraft Mechanic Foreman at McGuire Air Force base in New Jersey. His position was classified as Air Reserve Technician ("ART"), a civilian job that is filled by a member of the active reserves. Although the ART position was a WS-08 level position, for a brief period of time Mr. Machulas was detailed to a WS-11 supervisory position. During that period, he competed for a permanent WS-11 position but was unsuccessful. Afterward, he was reassigned to a non-ART Aircraft Mechanic Foreman position because, according to the Air Force, the position of ART Aircraft Mechanic Foreman was abolished as part of a base reorganization. Shortly thereafter, on September 3, 1994, Mr. Machulas retired.

Mr. Machulas filed an appeal with the Board in which he alleged that the Air Force had engaged in prohibited personnel practices under 5 U.S.C. § 2302(b)(12) when it (1) failed to pay him at a higher grade during his detail to the supervisory position, (2) terminated his enlistment early, and (3) denied him two weeks of active duty and a promotion to the E-8 level. He also alleged that the failure of the Air Force to place him into an ART position following his detail violated the Uniform Services Em-

ployment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311.

The administrative judge who was assigned to Mr. Machulas's case ruled that the Board lacked jurisdiction to consider the alleged prohibited personnel practices. The administrative judge held that the USERRA claim was barred by res judicata, since that claim had previously been adjudicated by the Board. The full Board denied review, and Mr. Machulas now seeks review by this court.

DISCUSSION

The Board correctly held that it lacked jurisdiction to review the prohibited personnel practices alleged by Mr. Machulas. "The jurisdiction of the [Board] is not plenary but is limited to those actions which are made appealable to it by law, rule, or regulation." *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see also Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1327 (Fed. Cir. 2006) (en banc). The Board's jurisdiction to hear appeals from adverse actions by an agency against an employee is limited by statute to "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less." 5 U.S.C. § 7512; *Garcia*, 437 F.3d at 1327.

Mr. Machulas's claims do not fit into any of those categories. Because his detail to a supervisory role was informal, his official grade and pay were never changed. Similarly, the non-ART position to which Mr. Machulas was reassigned following his detail was at the same grade and pay as his previous ART position. Therefore, his allegations fall outside the jurisdiction of the Board. *See Maddox*, 759 F.2d at 10 (explaining that "[s]ince the

reassignment did not reduce [petitioner's] grade or pay, section 7512 does not confer the requisite authority to hear the appeal on any of the grounds relied on by [him]"). Mr. Machulas's claim regarding the failure to promote him is not within the Board's jurisdiction, *see Prewitt v. Merit Sys. Prot. Bd.*, 133 F.3d 885, 886 (Fed. Cir. 1998), and his claims of termination of his enlistment and denial of active duty status relate to his military status and as such are also outside the Board's jurisdiction, *see Zimmerman v. Dep't of the Army*, 755 F.2d 156, 157 (Fed. Cir. 1985).

To the extent Mr. Machulas suggests that the Board could exercise jurisdiction over his claims by treating his action as an individual right of action ("IRA") appeal, that suggestion is without merit. The Board has jurisdiction over an IRA appeal when an employee suffers an adverse personnel action in reprisal for making protected disclosures under 5 U.S.C. § 2302(b)(8). The record before us contains no non-frivolous showing that Mr. Machulas made any such protected disclosure or was subject to an adverse personnel action in retaliation for such a disclosure.[1]

---

[1]    Mr. Machulas asserts that he was not selected for the WS-11 position on account of his age and that he was subject to retaliation for complaining about that act of discrimination. We lack jurisdiction to consider this claim. Section 7702 of Title 5 excludes from this court's jurisdiction so-called "mixed" cases, i.e., cases containing both an action appealable to the Board and an allegation of certain types of discrimination. *Williams v. Dep't of the Army*, 715 F.2d 1485, 1486-87 (Fed. Cir. 1983) (en banc). Mr. Machulas's claim of age discrimination, which falls under the aegis of the Age Discrimination in Employment Act, 29 U.S.C. § 633a(a), is one such type of discrimination claim excluded by section 7702. *See* 5 U.S.C. § 7702(a)(1)(B)(iv).

As for Mr. Machulas's USERRA claim, he has not pointed to any error in the Board's conclusion that his claim is barred by res judicata. When a final judgment on the merits has been rendered, res judicata bars any subsequent action between the same parties involving the same claim. *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). Here, Mr. Machulas's USERRA claim was adjudicated on the merits in a prior proceeding. *See Machulas v. Dep't of the Air Force*, 407 F. App'x 465 (Fed. Cir. 2011) (per curiam). Accordingly, he is barred from re-raising that claim now.

Finally, there is no force to Mr. Machulas's argument that the administrative judge erred by denying him a hearing on his various claims. Because the right to a hearing is based on 5 U.S.C. § 7701, that right only attaches after a claimant makes a non-frivolous allegation of Board jurisdiction. *See Garcia*, 437 F.3d at 1344. Mr. Machulas has not met that requirement and therefore was not improperly denied a hearing on his claims.

No costs.

**AFFIRMED**