NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEONARD P. MACHULAS,**

*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2012-3081

---

Petition for review of the Merit Systems Protection Board in Case No. PH3443110342-I-1.

---

**LEONARD P. MACHULAS,**

*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**

*Respondent.*

---

2012-3082

---

Petition for review of the Merit Systems Protection Board in Case No. PH1221110241-W-1.

_____

Decided: August 9, 2012

_____

LEONARD P. MACHULAS, of Bloomingdale, Georgia, pro se.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

_____

Before RADER, *Chief Judge*, NEWMAN and LOURIE, *Circuit Judges*.

PER CURIAM.

Leonard P. Machulas appeals *pro se* from two final decisions of the Merit Systems Protection Board (the "Board") regarding actions taken by the Department of the Air Force (the "Air Force"): (1) dismissing his first appeal regarding mishandling of unemployment compensation documents for lack of jurisdiction, *Machulas v. Dep't of the Air Force*, No. PH-3443-11-0342-I-1 (M.S.P.B. Jan. 23, 2012); and (2) dismissing his second appeal regarding withheld severance pay as barred by collateral estoppel, *Machulas v. Dep't of the Air Force*, No. PH-1221-11-0241-W-1 (M.S.P.B. Jan. 25, 2012). Because the Board correctly dismissed both appeals, we affirm.

BACKGROUND

Machulas was formerly employed as an Aircraft Mechanic Foreman by the Air Force at McGuire Air Force Base in New Jersey. Machulas has filed a number of

appeals from the Board to this court over the years. *Machulas v. Dep't of the Air Force*, 463 F. App'x 908 (Fed. Cir. 2011); *Machulas v. Dep't of the Air Force,* 407 F. App'x 465 (Fed. Cir. 2011); *Machulas v. Dep't of the Air Force*, 343 F. App'x 601 (Fed. Cir. 2009); *Machulas v. Merit Sys. Prot. Bd.*, 185 F.3d 885 (Fed. Cir. 1999); *Machulas v. Merit Sys. Prot. Bd.*, 155 F.3d 571 (Fed. Cir. 1998); *Machulas v. Dep't of the Air Force*, 101 F.3d 716 (Fed. Cir. 1996). These previously filed cases generally dealt with the circumstances revolving around Machulas's temporary promotion to a supervisory role, subsequent transfer to a nonsupervisory position, and later retirement. As we have previously summarized:

> Mr. Machulas worked as an Aircraft Mechanic Foreman at McGuire Air Force base in New Jersey. His position was classified as Air Reserve Technician ("ART"), a civilian job that is filled by a member of the active reserves. Although the ART position was a WS–08 level position, for a brief period of time Mr. Machulas was detailed to a WS–11 supervisory position. During that period, he competed for a permanent WS–11 position but was unsuccessful. Afterward, he was reassigned to a non-ART Aircraft Mechanic Foreman position because, according to the Air Force, the position of ART Aircraft Mechanic Foreman was abolished as part of a base reorganization. Shortly thereafter, on September 3, 1994, Mr. Machulas retired.

463 F. App'x at 909; *accord* 407 F. App'x at 465–66.

In his first recent appeal, Machulas alleged that the Air Force retaliated against him by sending his documents concerning unemployment compensation to the wrong office in Alaska, delaying his receipt of benefits. Based on these facts, he claimed retaliation, disparate

treatment, harmful procedural error, discrimination, whistleblower reprisal, violations of his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), violations of his rights under the Veterans Employment Opportunities Act of 1998 ("VEOA"), denial of restoration, and involuntary retirement.

The administrative judge ("AJ") issued an Order to Show Cause, directing Machulas to submit evidence and argument establishing jurisdiction over his appeal by a preponderance of evidence. In response, Machulas reiterated his claims pertaining to the unemployment documents and accused the agency of 28 unspecified acts of reprisal for whistleblowing and age discrimination for replacing him with a younger employee. Machulas also alleged that the agency deceived him into retiring early by offering $25,000 severance pay that was never paid. After reviewing the submission, the AJ dismissed the appeal for lack of jurisdiction, finding that Machulas had not addressed the limited nature of the Board's jurisdiction and had failed to make nonfrivolous allegations of jurisdiction. Machulas filed a petition for review, which the Board denied, finding that it lacked jurisdiction over Machulas's allegations.

Machulas's second appeal again alleges that the Air Force had agreed to pay him $25,000 in severance pay when he retired in 1994 and that he never received it, tricking him into retiring early either as a reprisal for whistleblowing or as an involuntary retirement. He also filed copies of correspondence with the Office of Special Counsel ("OSC") regarding that severance pay in support of his claim. The AJ determined that Machulas's appeal was barred by collateral estoppel because the OSC complaint was the same complaint involving the same $25,000 severance pay that was subject to a previous

appeal to the Board regarding whistleblowing retaliation that was dismissed for lack of jurisdiction in 2008. *See Machulas v. Dep't of the Air Force*, No. PH-1221-08-0371-W-1 (MSPB Sept. 11, 2008). The AJ also found that to the extent the appeal was not a claim for retaliation for whistleblowing, but instead for involuntary retirement, that claim was also barred by collateral estoppel based on a prior appeal raising the same issue, and it dismissed for lack of jurisdiction. *See Machulas v. Dep't of the Air Force*, No. PH-0752-96-0296-I-1 (MSPB Sept. 19, 1996). Machulas filed a petition for review, which the Board denied for the same reasons as the AJ.

DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can set aside the Board's decision only if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). The scope of the Board's jurisdiction is a question of law, which we review *de novo*. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008).

Machulas alleges in his first appeal that the Air Force's misrouting of his unemployment compensation documents violated a number of statutes and regulations. But the Board does not have independent jurisdiction over the handling of unemployment compensation documentation or the related reprisal, discrimination, and disparate treatment claims under 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 7512; *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245–46 (Fed. Cir. 1991). For the same reason, the Board also

does not have jurisdiction over Machulas's claims of procedural error. *Cruz*, 934 F.2d at 1246.

With regard to the whistleblower reprisal claim under 5 U.S.C. § 1221 in the first appeal, the AJ properly advised him that he was required to both exhaust his administrative remedies at the Office of Special Counsel and make nonfrivolous allegations that he engaged in whistleblowing by making a protected disclosure, and that the disclosure was a contributing factor in the decision by the Air Force to take or fail to take a covered personnel action. *See Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). He failed to do so; instead, he only offered conclusory assertions, which alone do not constitute a nonfrivolous allegation of whistleblower reprisal. Machulas's restoration claim under 5 C.F.R. § 353.304 similarly fails to allege a basis for jurisdiction in that he has not alleged a compensable injury or even that he requested restoration from the Air Force. *See Bledsoe v. Merit Sys. Prot. Bd.*, 659 F.3d 1097, 1104 (Fed. Cir. 2011) (listing the elements for jurisdiction over a restoration claim).

Machulas's USERRA and VEOA claims also fail to make nonfrivolous allegations of jurisdiction. Machulus's USERRA claim is based on actions prior to the enactment of USERRA. The Board may only consider USERRA claims that arose prior to the enactment of USERRA if they were also prohibited before 1994. *See Fernandez v. Dep't of the Army*, 234 F.3d 553, 555–57 (Fed. Cir. 2000). The statute that preceded USERRA was the Veterans' Reemployment Rights Act of 1974 that prohibited discrimination solely on the basis of any obligation a person might have had as a member of a Reserve component of the Armed Forces. 38 U.S.C. § 2021(b)(3) (1988). The Board was correct to conclude, however, that Machulas failed to allege any facts to show that he was denied any

benefit of employment because of an obligation as reservist. Similarly, he also did not allege any basis for finding that the Air Force violated any provision relating to his veterans' preference dated after the enactment of the VEOA in 1998. *See* 5 U.S.C. § 3330a; *Lapuh v. Merit Sys. Prot. Bd.*, 284 F.3d 1277, 1281–82 (Fed. Cir. 2002)

Machulas's claim in his second whistleblowing retaliation appeal with regard to the $25,000 severance pay is barred by collateral estoppel. Collateral estoppel applies when "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was 'actually litigated' in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988) (quoting *Thomas v. Gen. Servs. Admin,*, 794 F.2d 661, 664 (Fed. Cir. 1986)). Machulas's claim is based on the same jurisdictional issues as the prior appeal. *See, e.g.*, *Machulas v. Dep't of the Air Force*, No. PH-1221-08-0371-W-1 (M.S.P.B. Jun. 30, 2008) (whistleblowing claim based on severance pay and forced retirement). Specifically, that 2008 appeal was dismissed for lack of a nonfrivolous allegation of jurisdiction over his whistleblowing retaliation claim based on the same complaint to OSC regarding the same severance pay. *Id.* That jurisdictional defect has not been cured. Thus the Board properly held that Machulas was collaterally estopped from relitigating jurisdiction over his claim that he was denied severance pay as a result of whistleblowing.

Finally, Machulas's involuntary retirement claims from both appeals are barred by both collateral estoppel and *res judicata*. Machulas's involuntary retirement claim was previously decided on the merits over 16 years ago, determining that Machulas had voluntarily retired.

*See Machulas v. Dep't of the Air Force*, No. PH-0752-0296-I-1 (MSPB Sept. 19, 1996). Machulas is therefore collaterally estopped from relitigating the voluntary nature of his retirement.

The Board in the first appeal also correctly dismissed Machulas's involuntary retirement claim as barred by *res judicata*. *Res judicata* is appropriate if "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). Indeed, a second involuntary retirement appeal was filed shortly after Machulas's 1996 appeal and dismissed on *res judicata* grounds. *See Machulas v. Dep't of the Air Force*, No. PH-0752-97-0290-I-1 (M.S.P.B. Sep. 2, 1997). Once again, *res judicata* bars Machulas's attempt to relitigate his involuntary retirement claim.

We have considered Machulas's remaining arguments and do not find them persuasive. We find no error in the Board's well reasoned decisions. Accordingly, we affirm.

**AFFIRMED**