Leonard P. MACHULAS, Plaintiff,

v.

The UNITED STATES, Defendant.

Nos. 12–337C, 12–441C.

United States Court of Federal Claims.

Nov. 1, 2012.

Leonard P. Machulas, appearing pro se, Bloomingdale, Georgia.

P. Davis Oliver, Trial Attorney, with whom were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

### OPINION AND ORDER ON DEFENDANT'S MOTIONS TO DISMISS

WHEELER, Judge.

These consolidated cases involve two related complaints filed by *pro se* Plaintiff Leonard Machulas on May 24, 2012, and July 12, 2012, respectively, as well as an amendment to the former pleading filed on June 21, 2012. The first of these cases was assigned to the undersigned, and the second to Chief Judge Hewitt. However, because, as explained below, both complaints contain allegations regarding the same set of events, on July 25, 2012, this Court transferred the second complaint to the undersigned for joint consideration with the first.

Read together, the two complaints allege that after Mr. Machulas filed an age discrimination complaint against the United States Air Force in the early 1990s, the agency retaliated against him, including, ultimately, by wrongfully coercing him into an involuntary early retirement.

The Government moved to dismiss these complaints on July 20, 2012 and September 10, 2012, respectively. Both motions are made pursuant to Rule 12(b)(1) of the Court of Federal Claims, which requires dismissal of claims over which this Court lacks subject matter jurisdiction. In addition, the Government's second motion is made pursuant to Rule 12(b)(6), which requires dismissal where a plaintiff has failed to allege a claim upon which relief can be granted.

For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over any of Mr. Machulas's age discrimination claims, and that his remaining claims are barred by the doctrine of collateral estoppel. The Court therefore GRANTS both of the Government's motions, and DISMISSES Plaintiff's claims in their entirety. In addition, in light of Mr. Machulas's fifteen-year history of repeatedly re-litigating claims based on the same set of events, the Court also ENJOINS Mr. Machulas from filing any new actions in this Court without the prior approval of the undersigned.

## Background

This is not the first time that Plaintiff Leonard Machulas has sought to litigate his grievances arising out of the events at issue here. In the nearly two decades since his separation from the United States Air Force in the early 1990s, he has initiated many administrative proceedings before the Merit Systems Protection Board ("MSPB"), the uniformly adverse outcomes of which he has frequently appealed to the Federal Circuit, to no avail. Although the legal theories advanced by Mr. Machulas in these proceedings have varied somewhat, his claims have all sought redress for same series of events. As the Federal Circuit recently summarized:

> Machulas was formerly employed as an Aircraft Mechanic Foreman by the Air Force at McGuire Air Force Base in New Jersey. Machulas has filed a number of appeals from the Board to this court over the years. These previously filed cases generally dealt with the circumstances revolving around Machulas's temporary promotion to a supervisory role, subsequent transfer to a nonsupervisory position, and later retirement....

> 'Mr. Machulas worked as an Aircraft Mechanic Foreman at McGuire Air Force base in New Jersey. His position was classified as Air Reserve Technician ("ART"), a civilian job that is filled by a member of the active reserves. Although the ART position was a WS–08 level position, for a brief period of time Mr. Machulas was detailed to a WS–11 supervisory position. During that period, he competed for a permanent WS–11 position but was unsuccessful. Afterward, he was reassigned to a non-ART Aircraft Mechanic Foreman position because, according to the Air Force, the position of ART Aircraft Mechanic Foreman was abolished as part of a base reorganization. Shortly thereafter ... Mr. Machulas retired.'

*Machulas v. MSPB*, 492 Fed.Appx. 102, 103, 2012 WL 3220412, at *1 (Fed.Cir. Aug. 9, 2012) (quoting *Machulas v. Dep't of the Air Force*, 463 Fed.Appx. 908, 909 (Fed.Cir.2011) and collecting citations to many other MSPB appeals filed by Mr. Machulas).

Here, Plaintiff's complaints assert that he was 52 years old at the time that he was reassigned from the supervisory role to the non-ART Aircraft Mechanic Foreman position, and that his replacement in the supervisory position was 28 years old. Mr. Machulas further alleges that, at that time, he complained to both the chief equal employment opportunity ("EEO") counselor at the Air Force as well as his Congressman, and that he also formally filed a discrimination complaint.

Mr. Machulas contends that as a result of these protected activities, he was subjected to various acts of retaliation, among them the denial of permission to take two weeks of leave from his foreman position in order to attend a training session required by his reserve status. He also alleges that he was ultimately forced into an involuntary early retirement and consequently lost "10 months [of pay], and points for retirement, and benefits." Each of the consolidated complaints separately demands two million dollars in damages.

## Discussion

The Government's challenges to the Court's subject matter jurisdiction are facial, *i.e.*, based on the theory that the facts alleged in Plaintiff's pleadings do not suffice to establish subject matter jurisdiction in this venue. Therefore, for the purpose of deciding these motions, the Court accepts as true all such allegations, and also construes them in the light most favorable to Plaintiff. *See Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed.Cir.1993). In addition, because Mr. Machulas is proceeding *pro se*, the Court liberally construes his pleadings to "see if [he] has a cause of action somewhere displayed." *Stroughter v. United States*, 89 Fed.Cl. 755, 760 (Fed.Cl.2009) (internal citation omitted). Nonetheless, "[a]lthough *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest ... [and] the filings of *pro se* plaintiffs receive less leniency vis-à-vis jurisdictional requirements." *Id.* (internal citations omitted).

## I. ADEA Claims

■■■■ The gravamen of Mr. Machulas's claims in both complaints is that he faced reprisal for engaging in protected EEO activity, namely, complaining to the Air Force's Chief EEO Officer and his Congressmen about the alleged age discrimination, and ultimately filing a formal complaint alleging the same. Such actions are prohibited under the Age Discrimination in Employment Act ("ADEA"). *See* 29 U.S.C. §§ 623(a) (prohibiting employers from discriminating on the basis of age); 623(d) (prohibiting employers from discriminating against an employee who has "participated in any manner in an investigation, proceeding, or litigation under [the ADEA]"). However, as the Government points out, it is well-established that this Court lacks jurisdiction to entertain ADEA claims, as well as other similar claims of employment discrimination based on race, gender, or disability. *Woodruff v. United States*, 80 Fed.Cl. 806, 815–16 (Fed.Cl.2008) (collecting cases). Instead, "[o]nce it is appropriate [for a federal employee alleging discrimination] to proceed to court, the court that has jurisdiction is the appropriate United States District Court, not the United States Claims Court." *Id.* (quoting *Dixon v. United States*, 17 Cl.Ct. 73, 77 (Cl.Ct.1989)). Accordingly, the Court finds that it lacks subject matter jurisdiction to consider any of Mr. Machulas's claims arising under the ADEA.

## II. USERRA Claims

■■■■ In addition, although Mr. Machulas frames his grievances in both complaints in terms of age discrimination, he also cites, in the second complaint only, the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, which prohibits employment discrimination on the basis of an individual's military service. Insofar as Machulas is attempting

assert USERRA claims separate and apart from age discrimination claims, the Court finds that any such claims are barred by the doctrine of collateral estoppel.

■■■■ Under this doctrine (sometimes referred to as issue preclusion), a litigant who has litigated an issue in a full and fair proceeding is estopped from relitigating the issue in a subsequent proceeding. *See Thomas v. GSA*, 794 F.2d 661, 664 (Fed.Cir.1986). In this way, the doctrine "serves to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Cheyenne–Arapaho Tribes of Okla. v. United States*, 33 Fed.Cl. 464, 466 (Fed.Cl.1995) (quoting *United States v. Mendoza*, 464 U.S. 154, 158, 104 S.Ct. 568, 78 L.Ed.2d 379 (1984)). Collateral estoppel exists where "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was actually litigated in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed.Cir.2012) (internal citation omitted).

■■■■ Construing Mr. Machulas's two complaints in conjunction with one another and as liberally as possible, the Court sees two potential USERRA claims raised by Mr. Machulas here: first, that he was denied permission to take two weeks of leave to attend reserve training, and secondly, that he was forced into an involuntary early retirement, with certain adverse financial consequences. Although the Government does not raise the issue,[1] the Court's independent research reveals that both of these claims have already been fully and fairly litigated before the MSPB, whose decisions dismissing or denying these claims have been upheld repeatedly by the Federal Circuit.[2]

---

1. Although "estoppel" is an affirmative defense normally subject to waiver in the event, as here, that a defendant fails to raise it, "this court has recognized that '[i]t is ... within the court's prerogative to raise the doctrine of collateral estoppel *sua sponte*.'" *Pacetti v. United States*, 50 Fed.Cl. 239, 246 (Fed.Cl.2001) (quoting *Exxon*

*Corp. v. United States*, 40 Fed.Cl. 73, 87 n. 21 (Fed.Cl.1998)).

2. Although the Court relies on the relevant Federal Circuit decisions in its collateral estoppel analysis, it notes that "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it

First, as the Federal Circuit held in its most recent decision respecting Plaintiff:

> Machulas's involuntary retirement claims ... are barred by both collateral estoppel and *res judicata.* Machulas's involuntary retirement claim was previously decided on the merits over 16 years ago, determining that Machulas had voluntarily retired.... Indeed, a second involuntary retirement appeal was filed shortly after Machulas's [first] appeal and dismissed on *res judicata* grounds.

*Machulas,* 492 Fed.Appx. at 106, 2012 WL 3220412, at *3 (citing *Machulas v. Dep't of the Air Force,* No. PH0752–0296–I–1 (M.S.P.B. Sept. 19, 1996) and *Machulas v. Dep't of the Air Force,* No. PH–0752–97–0290–I–1 (M.S.P.B. Sept. 2, 1997)).

The Federal Circuit has also separately reviewed the MSPB's denial of Mr. Machulas's USERRA claim premised on the allegation that he was improperly denied permission to take leave from October 23, 1993 to November 6, 1993, in order to attend a required military training. With respect to this claim, the Federal Circuit held in 2009 that:

> the applicable statute permits an employer to require military orders to support a request for leave. Mr. Machulas did not dispute that he failed to provide such military orders. The administrative judge concluded that Mr. Machulas did not meet his burden of proof under USERRA in challenging the denial of his leave .... [and] [w]e agree[.]

*Machulas v. Dep't of the Air Force,* 343 Fed.Appx. 601, 604 (Fed.Cir.2009).

In addition, in 2011, the Federal Circuit considered a related claim brought by Mr. Machulas, again pursuant to USERRA, that the Air Force had "violated the USERRA when it did not select him for a permanent WS–11 ART position." *Machulas v. Dep't of the Air Force,* 407 Fed.Appx. 465, 466 (Fed. Cir.2011).[3] The Federal Circuit also upheld the MSPB's denial of this claim, stating that:

> Mr. Machulas ... offers no evidence as to why any employment opportunity was denied him as a result of his employment in the reserves. Indeed, the ALJ found that military status was a positive attribute of those individuals seeking employment in a permanent WS–11 supervisory ART position.... Instead of attempting to establish how the agency discriminated against him because of his position as a reservist, Mr. Machulas makes several irrelevant, conclusory allegations.... Accordingly, because Mr. Machulas did not carry his burden under the USERRA, the Board's decision [denying the claim] is affirmed.

*Id.* at 467 (emphasis removed). Mr. Machulas has re-litigated this third claim at least one additional time, to no avail: the second time around, the MSPB found that its prior final judgment on the merits precluded the claim's renewal, and the Federal Circuit affirmed. *See Machulas v. Dep't of the Air Force,* 463 Fed.Appx. 908, 910 (Fed.Cir. 2011).[4]

---

which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply [preclusion doctrines] to enforce repose." *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966) (superseded by statute on other grounds). Thus, with respect to this Court and the MSPB, "a decision by one will be collateral estoppel as to the other." *Crowley v. United States,* 398 F.3d 1329, 1342 (Fed.Cir.2005) (Dyk, J., concurring), *cert. denied,* 546 U.S. 1031, 126 S.Ct. 733, 163 L.Ed.2d 569 (2005); *see also, e.g., Northrop Grumman Corp. v. United States,* 70 Fed.Cl. 230, 232 (Fed.Cl.2006).

**3.** The Court does not read either of Mr. Machulas's complaints as raising this claim here. Nonetheless, the Court includes a discussion of the litigation history of this third USERRA claim

in the interests of completeness, and notes that if Mr. Machulas did intend to re-raise such a claim in his most recent pleadings, the Court would similarly find the claim barred by collateral estoppel.

**4.** In its most recent *Machulas* decision, the Federal Circuit again held that "[t]he [MSPB] was correct to conclude ... that Machulas failed to allege any facts to show that he was denied any benefit of employment because of an obligation as a reservist." 492 Fed.Appx. at 105, 2012 WL 3220412, at *3. However, it is not entirely clear from the decision whether this holding was made with respect to Mr. Machulas's USERRA claim regarding the denial of leave, his USERRA claim regarding the Air Force's failure to award him a permanent WS–11 ART position, or both.

Thus, the MSPB (affirmed in each instance by the Federal Circuit) has previously determined both that Mr. Machulas's retirement was voluntary and that the Air Force's denial of his request for leave was not in contravention of the USERRA. These issues are identical to the ones now raised by Plaintiff, were "actually litigated" on the merits, and were necessary to the Board's prior resolutions of Plaintiff's claims. *See Whiteman,* 688 F.3d at 1340. In addition, although Mr. Machulas appears to have represented himself *pro se* in all of the prior proceedings discussed above, standing alone, "the fact that a party appears *pro se* does not preclude collateral estoppel." *Hunt v. United States,* 52 Fed.Cl. 810, 815 (Fed.Cl.2002); *see also, e.g., Paalan v. United States,* 51 Fed.Cl. 738, 743 (Fed.Cl.2002); *Flores v. Dep't of Treasury,* 25 Fed.Appx. 868, 871 (Fed.Cir.2001); *Moss v. Dep't of the Air Force,* 82 M.S.P.R. 309, 314 (M.S.P.B.1999). Further litigation of the USERRA claims at issue here would be needless and redundant, and the Court holds that Mr. Machulas is therefore estopped from any further re-litigation of these claims.

In addition, even if Mr. Machulas were not estopped from bringing the USERRA claims by virtue of his prior litigation, the Court independently finds that it lacks subject matter jurisdiction over these claims because, as the Government points out, they are well beyond the applicable six-year statute of limitations. Under 28 U.S.C. § 2501, claims against the United States must be brought within six years of accrual. This time bar is "jurisdictional because filing within the six-year period was a condition of waiver of sovereign immunity in the Tucker Act, 28 U.S.C. § 1491(a)(1)." *Caguas Cent. Fed. Sav. Bank v. United States,* 215 F.3d 1304, 1310 (Fed.Cir.2000). Thus, if the Court determines that an action falls outside the statute of limitations, it has no power to decide the claim, and must dismiss it.

In general, "[t]he start date to begin a statute of limitations calculation for a claim against the United States is 'when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment.'" *Sabree v. United States,* 90 Fed.Cl. 683, 691 (Fed.Cl.2009) (quoting *Martinez v. United States,* 333 F.3d 1295, 1303 (Fed.Cir.2003)). Thus, "[t]he statute of limitations for a particular plaintiff begins to 'run from the date the plaintiff knew or should have known of the claim.'" *Id.* at 691–92 (quoting *Oja v. Dep't of the Army,* 405 F.3d 1349, 1358 (Fed.Cir.2005)). In addition, the Federal Circuit has held that for a wrongful discharge claim in particular, such a claim "accrues upon the service member's discharge[.]" *Chambers v. United States,* 417 F.3d 1218, 1223 (Fed.Cir.2005).

The record indicates that Mr. Machulas retired from the Air Force in either 1993 or 1994. Assuming that the later date is correct, Mr. Machulas would have been required to file his claim by 2000. Likewise, the denial of permission to take leave of which Mr. Machulas complains occurred in the fall of 1993, and is well past the six-year limitations period. Accordingly, the Court finds that even if the doctrine of collateral estoppel did not bar Mr. Machulas from raising either of these claims in this venue, the Court would still lack jurisdiction to hear them.

### Conclusion

Based on the foregoing, the Court GRANTS both of the Government's motions to dismiss for lack of subject matter jurisdiction, and DISMISSES Plaintiff's claims in their entirety.

Finally, although the two complaints at issue here are Mr. Machulas's first filings in this Court, he has a well-established and long-standing track record of filing repetitive litigation in front of the MSPB and the Federal Circuit. In light of this history, the Court finds that the interests of judicial economy counsel in favor of the imposition of an affirmative bar to deter Mr. Machulas from any further such efforts. Accordingly, the Court ENJOINS Mr. Machulas from filing any further claims in this venue without the express prior approval of the undersigned.

IT IS SO ORDERED.