NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WAYNE R. LUNDBERG,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2536

---

Petition for review of the Merit Systems Protection Board in No. CH-3443-15-0448-I-1.

---

Decided: December 6, 2016

---

WAYNE R. LUNDBERG, Kettering, OH, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* CLEVENGER, and CHEN, *Circuit Judges.*

PER CURIAM.

Wayne R. Lundberg, proceeding pro se, appeals a final decision of the Merit Systems Protection Board, dismissing his claims that the Department of the Air Force improperly charged him annual leave on several occasions when he was performing work in furtherance of the Air Force's mission. Because the Board properly concluded that his claims were barred by the doctrine of collateral estoppel, we *affirm*.

BACKGROUND

Mr. Lundberg is an employee of the Air Force at the Wright-Patterson Air Force Base in Ohio. He alleges that in 2003, the Air Force improperly charged him annual leave for time spent working to advance the Air Force's mission. Likewise, he alleges the same impropriety concerning his attendance at a Turbine Engine Technology Symposium in 2010.

Mr. Lundberg first appealed these alleged improper charges to the Board in November 2013. An administrative judge (AJ) issued an initial decision, dismissing Mr. Lundberg's appeal for lack of jurisdiction. *See* Resp't App. at 34–40. The AJ concluded that the Board lacked jurisdiction because its jurisdiction only extended to certain adverse personnel actions enumerated in 5 U.S.C. § 7512 (2012), none of which cover the improper charging of annual leave. Resp't App. at 35–36. In doing so, the AJ rejected Mr. Lundberg's contention, among others, that 31 U.S.C. § 1342 (2012), a provision generally prohibiting the federal government from accepting voluntary services, conferred jurisdiction upon the Board. *See* Resp't App. at 36. The AJ reasoned that even under the assumption that the Air Force had impermissibly accepted voluntary services from Mr. Lundberg, that did not change an allegation of improper charging of annual leave into a covered adverse personnel action under 5 U.S.C. § 7512. *See* Resp't App. at 36. The Board affirmed the AJ's deci-

sion in April 2014, accepting the AJ's analyses. *See id.* at 41–45 (*Lundberg I*).

Despite the Board's affirmance, which Mr. Lundberg did not appeal, Mr. Lundberg filed another appeal to the Board in May 2015, again challenging the above-mentioned annual leave charges.[1] *See* Resp't App. at 1–10 (*Lundberg II*). On this second go-around, another AJ ordered Mr. Lundberg to show cause why his appeal should not be dismissed under the doctrine of res judicata. *Id.* at 3, 30–31. In response, Mr. Lundberg argued that the doctrine was inapplicable because the merits of his appeal had not been heard by a court of competent jurisdiction and continued to insist that the Board had jurisdiction over his appeal under 31 U.S.C. § 1342. Resp't App. at 4, 32–33. The AJ rejected his response, dismissing the appeal on the ground of collateral estoppel in June 2016. *Id.* at 3–5.

Mr. Lundberg filed an appeal to our court from the AJ's decision, which became the final decision of the Board after he declined to seek the Board's review. We have jurisdiction under 28 U.S.C. § 1295(a)(9) (2012).

## DISCUSSION

We will affirm the decision of the Board unless it is: (1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2012).

---

[1]    The alleged conduct differed in that Mr. Lundberg now asserted that the Air Force improperly charged him annual leave in 2005 and 2006, in addition to 2003 and 2010, for time spent furthering the Air Force's mission. *See* Resp't App. at 2 (*Lundberg II*). As we will explain, this difference is inconsequential to our decision. *See infra* n.2.

We review the Board's determination of jurisdiction de novo, bearing in mind that its jurisdiction is confined to actions made appealable to it by law, rule, or regulation. *E.g., Palmer v. Merit Sys. Prot. Bd.*, 550 F.3d 1380, 1382 (Fed. Cir. 2008). Mr. Lundberg must prove the Board's jurisdiction by a preponderance of the evidence. *E.g., Rasing v. Dep't of Navy*, 444 F.3d 1349, 1354 (Fed. Cir. 2006) (citing 5 C.F.R. § 1201.56).

We see no error in the Board's invocation of collateral estoppel in *Lundberg II* to bar Mr. Lundberg from relitigating the issue of the Board's jurisdiction over his claims against the Air Force for improperly charging him annual leave in 2003, 2005, 2006, and 2010. Collateral estoppel is appropriate when: (1) the issue previously adjudicated is identical to the one now presented; (2) the issue was actually litigated in the prior case; (3) the previous determination was necessary to the resulting judgment; and (4) the party precluded was fully represented in the prior action. *Kroeger v. U.S. Postal Serv.*, 865 F.2d 235, 239 (Fed. Cir. 1988).

The AJ correctly applied these factors. The issue in *Lundberg I* and *Lundberg II* is identical—whether the Board has jurisdiction over Mr. Lundberg's claims that the Air Force improperly charged annual leave. Mr. Lundberg litigated this issue before the Board in *Lundberg I*, but was unsuccessful as the Board decided that it lacked jurisdiction.[2] Therefore, Mr. Lundberg was not entitled to a second, separate appeal to revisit that

---

[2] That Mr. Lundberg proceeded pro se in *Lundberg I* does not mean he was not fully represented in that action. *See Flores v. Dep't of Treasury*, 25 F. App'x 868, 871 (Fed. Cir. 2001) (citing *Moss v. Dep't of the Air Force*, 82 M.S.P.R. 309, 314, *aff'd sub nom.* 230 F.3d 1372 (Fed. Cir. 1999) (table decision)).

previously-decided issue in *Lundberg II*.[3]   *See, e.g., Co-lodney v. Dep't of Health & Human Servs.*, 314 F. App'x 312, 314–15 (Fed. Cir. 2008) (affirming AJ's application of collateral estoppel to preclude appellant from relitigating issue of Board's jurisdiction).

Finally, we have considered and liberally construed all of Mr. Lundberg's arguments as to why the Board erred in applying collateral estoppel.  We find none of them persuasive.

CONCLUSION

For the foregoing reasons, the decision of the Board is *affirmed*.

COSTS

No costs.

---

[3]   As we mentioned above, the alleged conduct in *Lundberg I* differs in one sense from the alleged conduct in *Lundberg II* because the latter added incidents of improper charging of annual leave in 2005 and 2006.  *See supra* n.1.  These additions, however, neither affect our ruling nor require remand for additional fact finding.  Mr. Lundberg has not appealed *Lundberg II* on the basis that the alleged conduct in *Lundberg I* and *Lundberg II* were not identical.  *See, e.g., Miller v. Dep't of Army*, 987 F.2d 1552, 1554 n.3 (Fed. Cir. 1993) (declining to decide whether Board erred on an issue when the appeal did not challenge the Board's decision on the issue).  That choice is understandable given that the legal issue at stake is identical across all the contested annual leave charges.