NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3013

NATHAN COLODNEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Intervenor.

Nathan Colodney, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Sara B. Rearden, Acting Associate General Counsel.

Claudia Burke, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With her on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director.

Appealed from:    United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3013

NATHAN COLODNEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Intervenor.

_____

DECIDED: July 17, 2007

_____

Before RADER, BRYSON, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

The Merit Systems Protection Board ("Board") dismissed Mr. Nathan J. Colodney's claims that the Department of Health and Human Services improperly terminated his Senior Executive Service ("SES") position of Director, Office of Health Insurance Portability and Accounting Act ("HIPAA") Standards and that his subsequent resignation from his GS-15 Health Insurance Specialist position was a constructive removal. <u>Nathan Colodney v. Department of Health and Human Services</u>, MSPB Docket No. PH-0752-06-0217-I-1 (<u>Initial Decision</u>, April 4, 2006; <u>Final Order</u>, August 15, 2006). Because the Board properly dismissed Mr. Colodney's appeal for lack of

jurisdiction, this court affirms.

I

On October 17, 2004, Mr. Colodney was appointed to the SES position of Director, Office of HIPAA Standards. Mr. Colodney's initial appointment to this career SES position would have become final only after he served a one-year probationary period. See 5 U.S.C. § 3393(d). Based on staff complaints about inappropriate comments, Mr. Colodney received an official notice, on December 22, 2004, of his removal from the position. Effective December 26, 2004, Mr. Colodney was placed in a GS-15 position as a Health Insurance Specialist. Mr. Colodney served in the GS-15 position until he resigned on May 20, 2005.

After his resignation, Mr. Colodney filed an equal employment opportunity (EEO) complaint with the Agency alleging constructive removal and claims of sex discrimination. The Agency found no discrimination and no intolerable work conditions that forced his resignation. Mr. Colodney filed a timely appeal to the Board. Mr. Colodney appealed both his removal from the SES position and his resignation from the GS-15 position.

The administrative judge ("AJ") determined that the Board did not have jurisdiction over the removal of a SES appointee during the one-year probationary period. Initial Decision, slip op. at 2. The AJ also determined that the Board did not have jurisdiction over Mr. Colodney's alleged involuntary resignation because Mr. Colodney did not show intolerable working conditions leaving him no other choice but to resign. Id., slip op. at 4. Thereafter, the Board denied Mr. Colodney's petition for review. Mr. Colodney appealed to this court under 5 U.S.C. § 7703.

2007-3013                               2

II

The Board's jurisdiction is not plenary, but rather limited to matters specifically entrusted to it by law, rule or regulation. See 5. U.S.C. § 7701(a); Schmittling v. Dep't of the Army, 219 F.3d 1332, 1336 (Fed. Cir. 2000). Mr. Colodney has the burden of establishing jurisdiction before the Board by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2); see Garcia v. Dep't of Homeland Security, 437 F.3d 1322, 1344 (Fed. Cir. 2005)(en banc). Jurisdiction is a question of law that this court reviews without deference. Fields v. Dep't of Justice, 452 F.3d 1297, 1301 (Fed. Cir. 2006). The Board enjoys no jurisdiction to review voluntary resignations. If a resignation is shown to be involuntary; however, it may amount to a constructive removal which is within the Board's jurisdiction. Shoaf v. Dep't of Agric., 260 F.3d 1336, 1340-41 (Fed. Cir. 2001).

The Board's decision to dismiss Mr. Colodney's appeal must be affirmed unless Mr. Colodney establishes that the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Schmittling, 219 F.3d at 1335.

III

In this appeal, Mr. Colodney again focuses on both his removal from the SES position and his alleged constructive removal from the GS-15 position. As the Board correctly determined, it has no jurisdiction over the removal of a career SES appointee during the one-year probationary period as specified in 5 C.F.R. § 359.407. Thus, the Board did not have jurisdiction over Mr. Colodney's claim of improper termination from his SES appointment because he was still within the one-year probationary period.

With respect to the allegations of constructive removal, the AJ followed the proper legal test and correctly examined the evidentiary record with respect to the constructive removal claim. In effect, Mr. Colodney did not present any evidence showing that his resignation was coerced. This court follows a three-part test to determine when coercion makes a resignation involuntary: "(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party." Middleton v. Dep't of Def., 185 F.3d 1374, 1379 (Fed. Cir. 1999) (quoting Christie v. United States, 518 F.2d 584, 587 (1975)). "This test is an objective, rather than subjective one; an employee's subjective feelings are irrelevant. The employee must present allegations of fact which, if proven, establish that a reasonable employee confronted with the same circumstance would feel coerced into resigning." Id.

In his appeal to this court, Mr. Colodney focused much of his argument on facts surrounding his removal from the SES position but provided virtually no information on his alleged constructive removal. In this case, Mr. Colodney's removal from the SES position during the probationary period and placement in a GS-15 position would certainly not coerce a reasonable employee to resign. Mr. Colodney resigned approximately five months after his GS-15 placement so he was able to work in the GS-15 position for a number of months. Thus, the record supports the finding that placement in the GS-15 position did not present Mr. Colodney with no alternative but to resign. Mere allegations of an unpleasant work environment do not rise to the level of forcing an employee to resign. With only limited facts surrounding the removal coupled

with unsubstantiated allegations of intolerable working conditions, the Board properly found that Mr. Colodney did not show that his resignation was involuntary.

Thus, the Board's decision to dismiss Mr. Colodney's appeal for lack of jurisdiction was not arbitrary, capricious, an abuse of discretion, or obtained without procedures required by law, rule, or regulation. Accordingly, the Board's decision dismissing Mr. Colodney's appeal for lack of jurisdiction is affirmed.