NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3246

NATHAN COLODNEY,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

Nathan Colodney, of Las Vegas, Nevada, pro se.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3246

NATHAN COLODNEY,

Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Respondent.

Petition for review of the Merit Systems Protection Board in PH3443070499-I-1.

_____

DECIDED:  October 15, 2008

_____

Before LOURIE, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Nathan Colodney appeals from the final decision of the Merit Systems Protection Board (the "Board") dismissing his appeal as barred by collateral estoppel. Colodney v. Dep't of Health and Human Servs., PH-3443-07-0499-I-1 (M.S.P.B. Mar. 17, 2008). Because Colodney has not demonstrated that the Board's decision was unsupported by substantial evidence or that the Board abused its discretion or otherwise committed legal error in its decision, we affirm.

BACKGROUND

Colodney was appointed to the Senior Executive Service ("SES") position of Director, Office of Health Insurance Portability and Accounting Act Standards, in Baltimore, Maryland, on October 17, 2004. His appointment to a career SES position would have become final after a one-year probationary period. See 5 U.S.C. § 3393(d) (2000). Based on staff complaints of inappropriate comments, Colodney received an official notice on December 22, 2004, of his removal from the SES position. After placement in a different position and subsequent resignation, Colodney filed an equal employment opportunity complaint with the Department of Health and Human Services (the "Agency"). The Agency found no discrimination and no intolerable work conditions that forced his resignation. Colodney then appealed to the Board regarding both his removal from the SES position and his resignation from his subsequent position. On April 4, 2006, the administrative judge ("AJ") assigned to the case determined that the Board did not have jurisdiction over the removal of an SES appointee during the one-year probationary period, nor did the Board have jurisdiction over the issues surrounding Colodney's alleged later involuntary resignation. On August 15, 2006, the Board denied Colodney's petition to review. Colodney appealed to this court, which affirmed the Board's decision to dismiss his appeal for lack of jurisdiction. Colodney v. Merit Sys. Prot. Bd., No. 2007-3013 (Fed. Cir. July 17, 2007).

On July 7, 2007, Colodney filed the current appeal to the Board, again challenging his removal from the SES position. Because Colodney had already received decisions from the Board and this court, the AJ assigned to this appeal issued an order to show cause regarding jurisdiction and timeliness. In response to the order,

Colodney argued that the prior appeal concerned removal under 5 C.F.R. § 359.402, which he asserted only applied to post-appointment performance and did not provide for appeal rights. In contrast, he asserted that this appeal concerned a violation of 5 C.F.R. § 359.404 because the notice of removal stated that he did not meet the Executive Core Qualifications (ECQs) required for an SES appointment, which he argued made it a removal for conditions arising before his appointment. Colodney argued that since he was actually removed for pre-appointment reasons, he was entitled to Board appeal rights under 5 C.F.R. § 359.404(a)(2). He also stated that he had filed the new appeal within four days of discovering 5 C.F.R. § 359.404(a)(2).

On November 1, 2007, the AJ found that Colodney's appeal was barred by the doctrine of collateral estoppel. The AJ acknowledged in a footnote that the order to show cause relied on res judicata, rather than collateral estoppel, but the AJ reasoned that the appellant "fully grasped" the concern over relitigation of the same issue. The AJ went on to find that the issue of the Board's jurisdiction over Colodney's probationary removal was identical to that in the previous appeal, in which he fully represented himself, and that the issue was actually litigated and necessary to the jurisdictional decisions previously reached. Furthermore, the AJ stated that even if Colodney were not estopped, the AJ would not find that the recent discovery of a regulatory provision months after removal constituted good cause for Colodney's untimely filing.

Colodney filed a petition for review of the AJ's initial decision. On March 17, 2008, the Board affirmed and thus rendered the AJ's initial decision final. Colodney timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

2008-3246

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). This court reviews whether the board has jurisdiction over an appeal de novo. Torain v. United States Postal Serv., 83 F.3d 1420, 1422 (Fed. Cir. 1996). Colodney has the burden of proving by a preponderance of evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2). In this case, Colodney and the Agency dispute whether the doctrine of collateral estoppel bars Colodney's appeal.

Colodney argues that the AJ erred by applying the law of collateral estoppel because the order to show cause directed Colodney to address res judicata instead. He then asserts that he is not estopped to appeal because the prior appeal concerned his appeal rights under 5 C.F.R. § 359.402, which addresses unacceptable performance. Instead, Colodney argues, as he did before the AJ, that the notice of removal indicated that he failed to meet the ECQs for the SES position, which he asserts are pre-appointment reasons. Colodney argues that the applicable statute for removal for pre-appointment reasons is 5 C.F.R. § 359.404, which he claims provides him with the right to an appeal to the Board. Accordingly, the fact that the Agency did not inform him of a right to appeal in its notice of removal is, in Colodney's view, good cause for his untimely filing.

The Agency responds that the Board correctly determined that Colodney's arguments regarding his removal were previously litigated. Pointing out that this appeal

concerns the same facts as the prior appeal, the Agency argues that this court has already determined that Colodney was removed for staff complaints of inappropriate comments, not for any pre-appointment issues, and thus Colodney had no right to appeal to the Board. In the alternative, the Agency argues that even if Colodney's removal fell under 5 C.F.R. § 359.404, he was not prejudiced by any alleged failure of the Agency to notify him of his appeal rights because he did file a timely appeal in January 2006.

We agree with the Agency that the Board's decision was supported by substantial evidence and should be affirmed. The criteria for application of collateral estoppel are four-fold: "(i) the issue previously adjudicated is identical with that now presented, (ii) that issue was 'actually litigated' in the prior case, (iii) the previous determination of that issue was necessary to the end-decision then made, and (iv) the party precluded was fully represented in the prior action." Kroeger v. United States Postal Serv., 865 F.2d 235, 239 (Fed. Cir. 1988). It is clear that Colodney is attempting to relitigate the identical issue decided in his first appeal, viz., whether the Board had jurisdiction regarding Colodney's removal during his year-long probationary period. All decisions concerning this issue, starting from the notice letter of his removal to the first AJ's decision, to the full Board's affirmance and this court's prior opinion, found that Colodney was removed for post-appointment, performance-based reasons and thus the Board lacked jurisdiction to hear his appeal. See 5 C.F.R. §§ 359.402, 359.407 (2008). Accordingly, the AJ's decision in the present appeal correctly applied the four-part test for collateral estoppel in finding that Colodney was barred from pursuing a second appeal on the identical issue under a different regulatory provision. See Kroeger, 865

2008-3246

-5-

F.2d at 239. The fact that the order to show cause cited res judicata rather than collateral estoppel does not transform the AJ's correct application of the law of collateral estoppel in his decision into legal error. Finally, the AJ did not commit an abuse of discretion in stating that if Colodney were not estopped, recent discovery of a regulatory provision would not excuse his untimely filing many months after his removal.

Thus the Board's decision was supported by substantial evidence, and the Board did not abuse its discretion or otherwise commit legal error in dismissing Colodney's appeal as barred by the doctrine of collateral estoppel. Accordingly, we <u>affirm</u> the Board's decision.

COSTS

<u>No costs.</u>