# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NATHAN COLODNEY,<br>　　　　　Appellant, | DOCKET NUMBER<br>PH-1221-16-0126-W-1 |
| 　　　　v. | |
| DEPARTMENT OF HEALTH AND<br>　HUMAN SERVICES,<br>　　　　　Agency. | DATE: April 27, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Nathan Colodney</u>, Alexandria, Virginia, pro se.

<u>Christina Patton Black</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:　the initial decision contains erroneous findings of material fact;

---

[*]　A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.　Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.　In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.　*See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        As further detailed previously in the initial decision for the instant appeal, the agency appointed the appellant to a Senior Executive Service (SES) position in October 2004. *Colodney v. Department of Health and Human Services*, MSPB Docket No. PH-1221-16-0126-W-1, Initial Appeal File (0126 IAF), Tab 32, Initial Decision (0126 ID) at 1-2. Two months later, in December 2004, the agency effectuated his performance-based probationary termination. 0126 ID at 3. The agency then placed him in a GS-15 position, which the appellant resigned from in May 2005. *Id*.

¶3        Between his probationary termination from the SES position and resignation from the GS-15 position, the appellant filed an equal employment opportunity (EEO) complaint concerning his SES termination and the investigation leading up to it. 0126 IAF, Tab 10 at 8-11. In a final agency decision (FAD), the agency found no support for the appellant's allegations of discrimination. *Id.* at 12-27. The Equal Employment Opportunity Commission affirmed the FAD. *Id.* at 28-31. The appellant also filed related claims in district courts, but they were also unsuccessful. *See id.* at 33-34.

¶4 In addition to the aforementioned actions, the appellant filed prior Board appeals concerning his brief tenure with the agency. He filed his first Board appeal in 2006, alleging that the agency improperly terminated his SES position and his subsequent resignation was involuntary. 0126 ID at 2; *Colodney v. Department of Health and Human Services*, MSPB Docket No. PH-0752-06-0217-I-1, Initial Appeal File, Tab 24, Initial Decision (0217 ID). The administrative judge dismissed the appeal. 0217 ID. First, she found that the Board lacked jurisdiction over his probationary termination from the SES position. 0217 ID at 2-3. Next, she found that the appellant failed to show or even nonfrivolously allege that his resignation from the GS-15 position was involuntary. 0217 ID at 3-8. On review, the Board affirmed, as did our reviewing court. *Colodney v. Department of Health and Human Services*, MSPB Docket No. PH-0752-06-0217-I-1, Final Order (Aug. 15, 2006), *aff'd*, 244 F. App'x 366 (Fed. Cir. 2007). The appellant filed his second Board appeal in 2007, again challenging his termination from the SES position. 0126 ID at 2; *Colodney v. Department of Health and Human Services*, MSPB Docket No. PH-3443-07-0499-I-1, Initial Appeal File, Initial Decision (0499 ID). The administrative judge also dismissed that appeal, finding that it was barred by collateral estoppel. 0499 ID at 3-5. Once again, the Board and our reviewing court affirmed. *Colodney v. Department of Health and Human Services*, MSPB Docket No. PH-3443-07-0499-I-1, Final Order (Mar. 17, 2008), *aff'd*, 314 F. App'x 312 (Fed. Cir. 2008).

¶5 Many years later, in 2015, the appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC) concerning his 2004 probationary termination from the SES position. 0126 ID at 3. In it, he identified two alleged disclosures. 0126 IAF, Tab 1 at 15. The first disclosure reportedly occurred in November 2004, while he was being investigated for making inappropriate remarks to subordinates. *Id.* According to the appellant's OSC complaint, he disclosed to a subordinate that "he believed a panel of four females was discriminatory, that he would not be treated fairly because there was no

diversity of thought in that not a single male was included on the panel, and they would not have permitted a panel of four males to investigate a female." *Id.* The second disclosure reportedly occurred in January 2005, when the appellant sent a letter to the deciding official about his already effectuated termination. *Id.* at 16. In this letter, the appellant reportedly disclosed that "the removal was unlawful since he was required to be on a performance improvement plan and was not. Furthermore, the SES [Executive Core Qualifications] are not automatic performance objectives for probationary appointees." *Id.*

¶6        After exhausting his whistleblower retaliation allegations with OSC, the appellant filed the instant IRA appeal. 0126 ID at 3. The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. *Id.* The appellant has filed a petition for review. *Colodney v. Department of Health and Human Services*, MSPB Docket No. PH-1221-16-0126-W-1, Petition for Review (0126 PFR) File, Tab 4. The agency has filed a response and the appellant replied. 0126 PFR File, Tabs 6-7.

The administrative judge properly dismissed this IRA appeal for lack of jurisdiction.

¶7        To establish jurisdiction in an IRA appeal such as this, involving allegations of whistleblower reprisal, an appellant must show that he exhausted his administrative remedies before OSC and make nonfrivolous allegations that (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8), and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A). *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). The administrative judge found that the appellant's first disclosure was not protected under section 2302(b)(8) because it constituted a claim of discrimination. 0126 ID at 10-12. He also found that the appellant could not nonfrivolously allege that the second disclosure was a contributing factor in his removal because it occurred after that removal. 0126 ID at 13.

*Disclosure 1*

¶8    On review, the appellant reasserts that his first disclosure, pertaining to his belief that an investigatory panel comprised solely of women was discriminatory, is protected whistleblowing under section 2302(b)(8).  0126 PFR File, Tab 4 at 11, 13, 15-26, 34.  We disagree.  As the administrative judge properly explained, allegations of an agency engaging in discrimination in violation of Title VII are covered under 5 U.S.C. § 2302(b)(1) and (b)(9), but are excluded from coverage under section 2302(b)(8).  *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10, 22; *McDonnell v. Department of Agriculture*, 108 M.S.P.R. 443, ¶ 22 (2008).  The appellant argues to the contrary on the basis that he made the disclosure prior to filing his EEO complaint.  0126 PFR File, Tab 4 at 11, 15-16, 19-22, 34.  However, the Board has concluded that this is not a meaningful distinction.  *See Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001) (recognizing that disclosures involving alleged discrimination, even if made outside the grievance or EEO processes, do not constitute protected whistleblower activity under section 2302(b)(8) because they pertain to matters covered by section 2302(b)(1)).

¶9    Separately, the appellant also suggests that the panel of women who were reportedly tasked with investigating his conduct were biased for reasons other than their gender.  0126 PFR File, Tab 4 at 16-18, 25.  He alleges that one of them exhibited bias by instructing him to stop making inappropriate comments before investigating whether any had occurred, two others were biased because they were not selected for his position, and one more was biased because she was adversely impacted by his selection.  *Id.*  The appellant also alleges that it was an abuse of authority for the agency to impanel such a biased group of individuals to investigate his actions.  *Id.* at 18, 23-26.  Even if true, we cannot address the allegations of abuse of authority because these matters are not what the appellant reportedly disclosed and exhausted before OSC.  *See Mason v. Department of*

*Homeland Security*, [116 M.S.P.R. 135](), ¶ 8 (2011) (recognizing that, in an IRA appeal, the Board may only consider disclosures of information and personnel actions that the appellant raised before OSC).  Thus, he did not provide OSC with a sufficient basis to pursue an investigation of those matters.  *See Chambers v. Department of Homeland Security*, [2022 MSPB 8](), ¶ 10.  According to his OSC complaint, the appellant disclosed that "he believed a panel of four females was discriminatory, that he would not be treated fairly because there was no diversity of thought in that not a single male was included on the panel, and that they would not have permitted a panel of four males to investigate a female."  0126 IAF, Tab 1 at 15.  Other complaints the appellant may have about the investigatory panel are not properly before us in this IRA appeal.

*Disclosure 2*

For his second disclosure, that the agency violated the law in effectuating his probationary termination from the SES position, the appellant does not appear to dispute the administrative judge's conclusion that it could not have been a contributing factor in that termination.  0126 ID at 13.  In fact, he acknowledges that the disclosure occurred after the termination.  0126 PFR File, Tab 4 at 13.  He does, however, appear to misunderstand the dispositive nature of that timing.  As stated above, the appellant's jurisdictional burden in this IRA appeal includes a requirement that he nonfrivolously allege that a protected disclosure was a contributing factor in the personnel action at issue.  *Supra* ¶ 7.  A disclosure such as this one, occurring after his probationary termination, cannot be considered a contributing factor in that personnel action.  *See Sherman v. Department of Homeland Security*, [122 M.S.P.R. 644](), ¶ 8 (2015).  We recognize the appellant's suggestion that, although his termination was a personnel action that occurred before his disclosure, the agency's failing to reverse itself and give him his job back after he made the disclosure is a separate personnel action.  0126 PFR File, Tab 4 at 16, 28, 33.  However, we are not persuaded.  *See Simmons v. Small*

*Business Administration*, [115 M.S.P.R. 647](#), ¶ 14 (2011) (dismissing an IRA appeal for lack of jurisdiction when the employee invoked reinstatement as the covered personnel action, but she failed to make any nonfrivolous allegations that she was entitled to reinstatement; she merely reargued the merits of her prior removal appeal and the validity of her settlement agreement, suggesting reinstatement as a related remedy).

The appellant's remaining arguments do not warrant a different result.

¶11    Separate from the dispositive jurisdictional issues, the appellant argues that the administrative judge in the instant appeal acted inappropriately by, inter alia, exhibiting bias, intentionally ignoring the law, committing fraud, and looking for a way to dismiss the instant appeal and conceal the truth. 0126 PFR File, Tab 4 at 8-9, 21-23, 28-32, 34-37. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, [81 M.S.P.R. 101](#), ¶ 7 (1999). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if his comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, [287 F.3d 1358](#), 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, [510 U.S. 540](#), 555 (1994)). Here, the appellant has identified nothing of the sort. It is evident that the appellant disagrees with the administrative judge's decision, but he has failed to establish that the administrative judge was biased or otherwise acted inappropriately.

¶12    The appellant also devotes a significant portion of his petition for review to matters that are not relevant to the instant appeal, many of which instead implicate his prior Board appeals. *See supra* ¶ 4. For example, the appellant is adamant that the agency relied on improper performance standards to terminate him from the SES position in 2004 and otherwise acted inappropriately during the time leading up to that termination. 0126 PFR File, Tab 4 at 8-14, 18-19, 26-27,

30-31, 33. In addition, he disputes the voluntariness of his 2005 resignation from the GS-15 position and suggests that the administrative judges presiding over his prior Board appeals also were biased. *Id.* at 10, 14, 30, 36. Because these and other such arguments are not relevant to the instant IRA appeal, we will not address them further.

## NOTICE OF APPEAL RIGHTS[†]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[†] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.‡  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

‡ The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.