NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARCUS AURELIUS JAMES,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2024-1908

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-21-0251-I-1.

---

Decided:  December 5, 2025

---

MARCUS JAMES, Miramar, FL, pro se.

ELIZABETH W. FLETCHER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before DYK, REYNA, and CHEN, *Circuit Judges*.

PER CURIAM.

Marcus James challenges pro se a final order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. For the reasons discussed herein, we affirm.

BACKGROUND

Mr. James was employed as a GS-13 Assistant Human Resources Officer with a regional healthcare system of the Department of Veterans Affairs ("VA" or "agency"). Beginning in October 2019, he was placed on detail as a GS-14 Human Resources Officer ("HRO"). Despite assuming a higher-grade position with additional responsibilities, he did not receive a pay raise during his detail.

The VA Handbook sets forth the following guidelines for permissible length of details to higher grade positions:

> (2) **Extension of Details Beyond 120 days.** … Details of 120 days to higher graded positions … may be extended for an additional 120 days (maximum period of 240 days). If a detail of more than 120 days is made to a higher graded position, or to a position with known promotion potential, it must be made under competitive promotion procedures.

Appx35 (citing VA Handbook No. 5005, *Staffing* pt. III, Ch. 2, para. 13(c)(2)).[1] Notwithstanding these prescribed maximum lengths, Mr. James was detailed until February 2021—or approximately 500 days.

Shortly after Mr. James' GS-14 detail began, Raquel Bulford-Frazier was detailed to Acting Associate Director ("AAD") of Mr. James' facility. Mr. James alleges several

---

[1] "Appx" refers to the appendix accompanying Respondent's Informal Brief, which is docketed at ECF No. 26.

run-ins with Ms. Bulford-Frazier during her tenure as AAD. First, Mr. James alleges that Ms. Bulford-Frazier overheard him tell an innocuous joke to work colleagues, and she then reported him to the facility director. Second, when Mr. James confronted Ms. Bulford-Frazier to ask why she did not discuss the issue with him instead of going straight to the director, she allegedly responded with a racially insensitive remark. Mr. James reported this remark to several individuals in human resources. Third, Mr. James alleges he witnessed Ms. Bulford-Frazier looking through personnel files in the staffing supervisor's office. Afterward, he instructed the staffing director never to allow anyone other than HR staff to review those files.

In November 2019, the agency posted a job opening for the HRO position. Mr. James interviewed for the position. His interview panel included Ms. Bulford-Frazier, who rated him significantly lower than the other two panelists. He was not selected for the job.

On February 25, 2021, Mr. James filed an appeal with the Merit Systems Protection Board ("Board"). Mr. James alleged he was subjected to a hostile work environment during his over-extended detail and that his non-selection for promotion was in retaliation for reporting Ms. Bulford-Frazier's behavior. The Administrative Judge ("AJ") issued an initial decision dismissing Mr. James' appeal for lack of jurisdiction. In the initial decision, the AJ condensed the appeal to a single issue—whether the agency engaged in an appealable adverse action when it "did not select [Mr. James] for a GS-14 Human Resources position." Appx17. The Board found that non-selection was not an appealable agency action over which it has jurisdiction and dismissed Mr. James' appeal.

Mr. James petitioned for review of the initial decision. In his petition, Mr. James averred multiple times that he was not challenging his non-selection or that non-selection was an appealable adverse action. *E.g.*, Appx36 ("I want to

be clear that this appeal has nothing to do with my non-selection to the position."). Instead, Mr. James focused on his extended detail and hostile work environment. The Board issued a final decision affirming the initial decision but expanding the issues on appeal to "prohibited personnel practices surrounding an alleged hostile work environment, a higher-level detail assignment, and a non-selection for a permanent appointment." Appx1–2. Mr. James appealed to this court. We have jurisdiction over this appeal pursuant to 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

In reviewing Board decisions, this Court shall "hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction over an appeal is a question of law, which is reviewed de novo. *Jones v. Merit Sys. Prot. Bd.*, 98 F.4th 1376, 1380 (Fed. Cir. 2024). The Board's underlying findings of fact are reviewed for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

## DISCUSSION

Before the Board, Mr. James alleged three categories of claims: (1) adverse agency actions in the form of an extended detail and hostile work environment; (2) race-based discrimination; and (3) whistleblowing retaliation. On appeal, Mr. James argues the Board erroneously dismissed all three. For the reasons below, we affirm.

### Appealable Agency Action

Mr. James argues the Board erred by dismissing his claims that the VA took appealable adverse action by

(1) placing him on an extended detail without proper compensation, and (2) subjecting him to a hostile work environment.[2]  Informal Br. 1.[3]  We agree with the Board that neither of these actions are appealable.

"The Board does not have plenary appellate jurisdiction over personnel actions." *Mouton-Miller v. Merit Sys. Prot. Bd.*, 985 F.3d 864, 869 (Fed. Cir. 2021).  Pursuant to 5 U.S.C. § 7512, there are five categories of actions appealable to the Board: "(1) a removal; (2) a suspension for more than 14 days; (3) a reduction in grade; (4) a reduction in pay; and (5) a furlough of 30 days or less."  A work detail or reassignment may therefore only qualify as an appealable agency action if it results in the reduction of grade or pay.  *See* 5 U.S.C. § 7512; *Machulas v. Dep't of Air Force*, 463 F. App'x 908, 909–10 (Fed. Cir. 2011).  Here, Mr. James alleged before the Board that while he was detailed to a higher-grade position, he did not receive *additional* compensation.  Appx45.  He does not claim that his compensation was reduced.  *Id.*  Thus, while Mr. James may feel aggrieved because he did not receive additional compensation during his detail or because he was detailed too long, those circumstances do not create an appealable action under Section 7512.  Likewise, a hostile work environment, on its own, does not satisfy any of the five appealable agency actions listed in Section 7512.  *See Harris v. Dep't of Def.*, No. 2023-1677, 2024 WL 2288182, at *4 (Fed. Cir. May 21, 2024) (finding Board lacked jurisdiction over harassment and discrimination claims absent alleged

---

[2]    Mr. James also argued before the Board that his non-selection for promotion to the HRO position was an adverse agency action.  However, Mr. James waived that argument in his petition for review of the Board's initial decision.  Appx35–37.

[3]    "Informal Br." refers to Mr. James' Opening Brief docketed at ECF No. 23.

appealable action). Thus, we see no error in the Board's determination that it lacked jurisdiction over Mr. James' work detail and hostile work environment allegations.

## Stand-alone Discrimination

Mr. James argues that the Board erred by dismissing his claims of race-based discrimination. Informal Br. 1. But as the Board noted in its final decision, Appx5, the Board lacks jurisdiction over stand-alone discrimination claims. *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc) ("The Board has not been granted jurisdiction over Title VII claims per se, *i.e.*, over 'pure' or 'naked' Title VII claims unaccompanied by an appealable action over which the Board does have jurisdiction."). We find no error in the Board's determination that it lacks jurisdiction over discrimination claims unaccompanied by an appealable adverse action.

## Individual Right of Action

Mr. James also challenges the Board's dismissal of his retaliation claims pursuant to an individual right of action ("IRA") under the Whistleblower Protection Act ("WPA"). Informal Br. 1. As noted in the Board's final decision, it has jurisdiction over Mr. James' IRA appeal only if he exhausted the administrative remedies available to him before the Office of Special Counsel ("OSC"). Appx7. The Board found Mr. James provided "no evidence" that he "exhausted his administrative remedies as to claims of whistleblower reprisal." Appx8. The Board discussed that Mr. James denied on his initial appeal form that he had filed a whistleblowing complaint with OSC. *Id.* The Board further noted that, although the record "briefly indicates" Mr. James spoke with OSC, any such investigation was "likely based … on claims of race and sex discrimination." *Id.*

This court reviews the Board's findings of fact underlying jurisdictional decisions for substantial evidence.

*Parrott*, 519 F.3d at 1334 (citing 5 U.S.C. § 7703(c)).  Here, we find substantial evidence supports the Board's determination of no exhaustion of administrative remedies.  Applying this factual finding, the Board determined that Mr. James failed to meet the jurisdictional prerequisites for an IRA appeal.  We sustain the Board's finding that it lacks jurisdiction over Mr. James' whistleblower reprisal claim.  To be clear, we make no conclusion as to whether Mr. James possesses a valid IRA whistleblower retaliation claim.

### CONCLUSION

We have considered Mr. James' remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm.

### **AFFIRMED**

### COSTS

No costs.